**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PAUL SAUMER, et al., individually and on behalf of others similarly situated,** | **CASE NO.  1:15 CV 954** |
| **Plaintiffs,** | **JUDGE DAN AARON POLSTER** |
| vs. | |
| | **OPINION AND ORDER** |
| **CLIFFS NATURAL RESOURCES INC., et al.,** | |
| **Defendants.** | |

This case is before the Court pursuant to Plaintiffs' Motion for Reconsideration of the Court's April 1, 2016 Order and Opinion and Request for Limited Discovery.  (**Doc #: 46**, ("Motion")).  Having reviewed the Motion, the Opposition brief (Doc #: 49), the Reply brief (Doc #: 50), the cited cases and the record, the Court **DENIES** the Motion for the reasons to follow.

**I.**

A motion for reconsideration may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent a manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); *Westerfield v. U.S.*, 366 Fed.Appx.614, 619 (6th Cir. 2010) (citing Fed. R. Civ. P. 59(e))

**A.  Public Information Claim**

In the April 1, 2016 Order and Opinion, the Court explained, citing *Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct. 2459 (2014), that ERISA fiduciaries may prudently rely on the market price of a stock as an unbiased assessment of a security's value in light of all the public

information and that, absent special circumstances affecting the reliability of the market price, a claim for breach of the duty to prudently manage the stock based solely on public information cannot stand. (Doc #: 44 at 11.) The Court noted that, given the breadth of negative publicity regarding Cliffs and the mining industry, and the volatility of Cliffs' stock, Plaintiff had failed to allege how the market was unable to sufficiently digest this information. (Id. at 11-12.) Furthermore, the Court held that *Dudenhoeffer* undermined Plaintiff's argument that excessive risk constitutes special circumstances, and the Second Amended Complaint contained no allegations regarding lack of reasoned decision making processes, failure to investigate, or negligent behavior. (Id. at 12.)

Plaintiff argues, as it did in its opposition to the motion to dismiss, that its public-information claim falls outside the scope of *Dudenhoeffer*, and that the Court incorrectly relied on *Rinehart v. Lehman Bros. Holdings, Inc.*, in support. The Court disagrees with this argument for reasons stated in the Order and Opinion at 11-12. Plaintiff also contends that *Rinehart*, a case upon which the Court incorrectly relied, is factually distinguishable from the instant case due to language in that opinion characterizing the public information surrounding Lehman Brothers' collapse as "mixed signals." Certainly, the volatility of Cliffs stock over many more years can be characterized as mixed signals. Finally, Plaintiff recommends that the Court follow *Pfeil v. State Street Bank and Trust Co.*, 806 F.3d 377 (6th Cir. 2015) because *Pfeil* "suggests that factors other than "market inefficiency" – such as lack of a reasoned decision making process – can meet Fifth Third's special circumstances requirement." Reply at 17 (citing *Pfeil*, 806 F.3d at 386) (emphasis added)). *Pfeil* does not purport to create a failure-to-investigate exception to *Dudenhoeffer*. *See Pfeil*, 806 F.3d at 386 ("We do not now decide whether a

-2-

fiduciary's complete failure to investigate a publicly traded investment might constitute a circumstance sufficiently special for a claim of imprudence to survive a motion to dismiss; the amount of investigation here takes this case out of that realm.") *Pfeil* was decided after discovery on a motion for summary judgment. It says nothing about the sufficiency of the allegations in a complaint.

The Court appreciates that a literal construction of *Dudenhoeffer* nearly eviscerates any gains made for employee-plaintiffs by removing the presumption of prudence in favor of fiduciary-defendants. The standards articulated in *Dudenhoeffer* make it extremely difficult for a plaintiff's prudence claim to survive a motion to dismiss. But the conclusive assertions in the Second Amended Complaint ("SAC") are plainly insufficient in light of *Twombly* and *Iqbal*. And the Court, under these circumstances, will not allow limited discovery of the fiduciaries' meeting minutes to fish for evidence to bolster the allegations in the prudence claim.

### B.  Non-Public (Inside) Information

Plaintiff contends that the Court erred when it stated that the SAC failed to allege any material inside information that would have turned an otherwise acceptable investment into an imprudent one. According to Plaintiff, the Court should deny the motion to dismiss the inside-information prudence claim because the undersigned denied a motion to dismiss in *The Dep't of the Treasury of the State of New Jersey v. Cliffs Natural Resources, Inc., et al.*, No. 1:14 cv 103, slip. op. (N.D. Ohio Nov. 6, 2015) – a shareholders-derivative action ("the *New Jersey* case"). However, the instant case involves a different statute, imposing different obligations, with different standards than those in the *New Jersey* case.

While Plaintiff proposed numerous alternative actions the fiduciaries could have taken (e.g., converting the Cliffs stock fund to cash, closing Cliffs stock to further contributions), it failed to sufficiently allege, after filing a second amended complaint, how a prudent fiduciary in the same position could not have concluded that the alternative action would do more harm than good. *Amgen, Inc. v. Harris*, 136 S.Ct. 758, 760 (2016) (citing *Dudenhoeffer*, 134 S.Ct. at 2463). Moreover, *Dudenhoeffer* foreclosed as illegal the alternative action of trading the company's securities based on inside information. 134 S.Ct. at 2472-73 (citing *United States v. O'Hagan*, 521 U.S. 642-651-52 (1997)).

Plaintiff also argues that the alternative actions Plaintiff proposed in the SAC are now supported by "new authority"– i.e., amicus curie briefs filed by the Department of Labor and the Securities and Exchange Commission in a case before the Fifth Circuit Court of Appeals, *Whitley v BP, PLC*, No. 15-20282. Amicus briefs are not newly discovered evidence or an intervening change in controlling law; they are not an exercise of the agencies' rulemaking authority; and courts do not defer to agency interpretations of judicial opinions.

More importantly, however, Plaintiff cannot show that a dismissal of this claim constitutes manifest injustice. There is a proposed $84 million settlement in the *New Jersey* case for shareholders who purchased Cliffs stock after April 2, 2012 through March 26, 2013 and sold it following seven corrective disclosure dates: April 26, 2012, July 26, 2012, October 25, 2012, November 19, 2012, November 20, 2012, February 13, 2013, and March 27, 2013. (See Case No. 1:14 CV 1031, Doc #: 98 at 29 ¶ 55.) The fairness hearing is scheduled on June 30, 2016.

In the *New Jersey* case,

> Lead Plaintiff developed a Plan of Allocation in consultation with New Jersey's damages expert with the objective of equitably distributing the Net Settlement

> Fund to those Settlement Class Members who suffered economic losses as a result of the alleged securities law violations asserted in [the New Jersey complaint]. New Jersey's damages expert developed a Plan of Allocation based on an event study, which determined how much artificial inflation was in the price of Cliffs common stock on each day during the Settlement Class Period as a result of Defendants' alleged materially false and misleading statements and omission, and how much the stock price declined as a result of the disclosures that corrected the alleged misstatements and omissions.  In calculating this estimated artificial inflation, the damages expert considered price changes in Cliffs common stock in reaction to the alleged corrective disclosures, adjusting for price changes attributable to market or industry forces.

(Doc #: 102-1 at 17-18.)  Although the class in the *New Jersey* case is comprised of persons who purchased Cliffs common stock from March 14, 2012 through March 26, 2013 and were damaged thereby, only those persons who purchased Cliffs stock after April 2, 2012 (the beginning of the class period in the instant case) can recover damages.  (Id. at 7 n. 2.)  Expressly excluded from the *New Jersey* class are Defendants in that case (many of whom are defendants in this case); members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Cliffs during the class period, and any entity in which any Defendant has or had a controlling interest.  (Id.)  Both the *New Jersey* case and the instant case are based on virtually the same set of facts although they assert very different claims.  Since the plaintiffs in this case are (or were) shareholders of Cliffs stock during the class period in the *New Jersey* case, they are entitled to damages to the extent set forth in the settlement of the *New Jersey* case. They cannot obtain a double recovery by alleging breach of fiduciary duty claims arising from the same set of facts and involving the same injuries.  *See, e.g., Midfield Concession Enter., Inc. v. Areas USA, Inc.,* 130 F.Supp.3d 1122 (E.D. Mich. 2015) (a plaintiff cannot receive a double recovery for the same injury, even where alternate legal theories will support the same finding of liability"); *Hughes v. Patrolmen's Benevolent Assoc.*, 850 F.2d 876, 882 (2d Cir. 1988)

-5-

(describing the problem of double recovery where alternative causes of action arise out of the same injuries caused by the same conduct). The ability to obtain damages in the *New Jersey* case negates any manifest injustice.

The class period alleged in this case begins on April 2, 2012 but continues <u>to the present day</u>. The Court notes, in passing, its opinion that employees of Cliffs who continued to invest their retirement income in the Cliffs stock fund after March 26, 2013 (the last corrective disclosure established in the *New Jersey* case) could no longer blame the plan fiduciaries for the decision to continue investing their income in their employer's stock.[1]

**II.**

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for Reconsideration of the Court's April 1, 2016 Order and Opinion and Request for Limited Discovery (**Doc #: 46**).

**IT IS SO ORDERED.**

*s/Dan Aaron Polster*     6/17/2016
**Dan Aaron Polster
United States District Judge**

---

[1] Plaintiff mentions, almost as an afterthought, that the limited discovery on the prudence claim "would likely shed light on the SAC's loyalty claim, which the Court dismissed without prejudice, and allow Plaintiffs to file an amended complaint if they so choose to." (Motion, at 4 ¶ 7.) That's it. But, as stated in the Order and Opinion, "Because Count I is not adequately pled, it cannot form a basis for Plaintiff's Count II loyalty claim." (Doc #: 44, at 15.) Plaintiff simply has failed to adequately allege a loyalty claim.